UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN KUNDE,

      Plaintiff,

                                        File No. 1:13-CV-944

v.

                                        HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
                                    /

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This action comes before the Court on Plaintiff's objections to the Magistrate Judge's February 12, 2015, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") be affirmed. (R&R, ECF No. 19; Obj., ECF No. 23.) This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

Plaintiff objects to the R&R's conclusions that the ALJ properly accorded limited weight to Dr. Thebert's opinion and that the ALJ's RFC determination was supported by substantial evidence. Plaintiff contends that it is unreasonable for the ALJ to conclude that she could work if she was on her medication, when Dr. Thebert indicated that she "easily has onset of visual hallucinations with stress" such as she would experience at work. As the R&R correctly pointed out, the ALJ properly discounted Dr. Thebert's opinion that Plaintiff is unable to work because it was not supported by contemporaneous treatment notes, it was inconsistent with Plaintiff's reported activities, it was based on limited observations, it was not supported by any hospitalizations, and it was rendered almost five years after the expiration of Plaintiff's insured status. (R&R 16.)

Plaintiff also objects to the R&R for its alleged failure to explain its conclusion that the ALJ's RFC determination was supported by substantial evidence. Plaintiff contends that the ALJ's RFC determination was not based on any medical evidence or any explanation for its basis. Contrary to Plaintiff's assertions, and as recognized in the R&R, the ALJ's RFC determination incorporated limitations based on Plaintiff's diminished ability to handle stress, which limitations were supported by Dr. Thebert's opinion. (R&R 16.) Moreover, because Plaintiff had the burden of proof as to disability through the fourth step of the sequential analysis, *see Walters v. Comm'r*, 127 F.3d 525, 529 (6th Cir. 1997), the absence of additional medical support to show what Plaintiff was capable of doing does not suggest a failure on the part of the ALJ.

Finally, Plaintiff objects to the R&R's determination that the ALJ's credibility assessment was supported by substantial evidence.  Plaintiff asserts that the credibility assessment was based solely on evidence outside of the relevant period of review, including events that had not yet occurred, and on a distortion of Plaintiff's statements and the record as a whole.  The ALJ found Plaintiff credible to the extent that she testified to difficulty in handling stress and in interacting with others, but she did not find Plaintiff's assertion that she is incapable of all work activity to be credible. (Tr. 27.)  This finding was supported by evidence of Plaintiff's reported activities and by her testimony that she anticipates driving a half hour twice a week to help watch her grandchild.  It was not error for the ALJ to factor in Plaintiff's testimony concerning what she anticipated doing in the near future.  Upon review under the deferential standard accorded the ALJ's credibility determinations, the Court is satisfied that the R&R correctly determined that the ALJ's credibility findings were supported by substantial evidence.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 23) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 19) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.


Date:   <u>March 13, 2015</u>                              /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE